IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ST. VINCENT de PAUL SOCIETY OF LANE COUNTY, an Oregon nonprofit Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KELLY RAE CULPEPPER,<br><br>Defendants. | Case No. 6:17-cv-01221-AA<br>**OPINION AND ORDER** |

AIKEN, Judge:

In this case, plaintiff St. Vincent de Paul Society of Lane County ("St. Vincent") moves for an order remanding this matter back to state court. Defendant Kelly Rae Culpepper ("Culpepper") argues that this matter should remain before this Court. Based on the reason set forth below, plaintiff's Motion to Remand to State Court (doc. 4) is GRANTED.

## BACKGROUND

This case originated in Oregon State Court as a Forcible Entry and Detainer ("FED") action. On July 25, 2017, plaintiff filed this action in the Circuit Court of the State of Oregon for Lane County to evict defendant for alleged repeated violations of plaintiff's policies for tenants

Page 1 – OPINION AND ORDER

leasing units. On July 31, 2017, defendant filed an answer and provided an affirmative defense, discriminatory conduct under Or. Rev. Stat. § 90.390, and four counterclaims: (1) retaliatory conduct by landlord under Or. Rev. Stat. § 90.385, (2) discrimination and retaliatory conduct under the Fair Housing Act ("FHA"), (3) defamation, and (4) slander per se. (doc. 1) On August 7, 2017, defendant filed a Notice of Removal (doc. 1) to federal court relying on the FHA counterclaim as the basis for removal to federal court.

Plaintiff now moves the Court for an order remanding this case back to state court arguing that (1) Oregon law does not allow defendant to include a FHA counterclaim in an FED proceeding, (2) defendant's civil rights are protected under Oregon statutes, and (3) defendant has the right to pursue damages under the FHA in a separate action.

## STANDARD OF REVIEW

The right to remove a case to federal court is entirely a creature of statute. *See Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.1979). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992). Counterclaims in a state-court action, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance. *Vaden v. Discover Bank*, 556 U.S. 49, 61–62 (2009). 28 U.S.C. § 1447(c) authorizes the court to remand a case for lack of subject matter jurisdiction. *See Brockman v. Merabank*, 40 F.3d 1013, 1015 (9th Cir.1994). A district court may also remand a case for lack of an objective reasonable basis for removal under 28 U.S.C. § 1443. *See Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006).

/ / /

Page 2 – OPINION AND ORDER

## DISCUSSION

Defendant's basis for removal to federal court is based on two statutes: (1) 28 U.S.C. § 1331 – federal question and (2) 28 U.S.C. § 1443 – civil rights cases.

*I.  28 U.S.C. § 1331 – Federal Question*

   *a. Federal Jurisdiction based on a Counterclaim*

Defendant relies upon 28 U.S.C. § 1331, which vests in federal district courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 "Under the established well-pleaded complaint rule, however, a suit 'arises under' federal law 'only when the *plaintiff's* statement of his own cause of action shows that it is based upon [federal law].'" *Vaden*, 556 U.S. at 61–62 (emphasis added) (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)).

Therefore, federal jurisdiction cannot rest upon an actual or anticipated counterclaim. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002); *ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality of Montana*, 213 F.3d 1108, 1113 (9th Cir. 2000) ("[T]he existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims."). Counterclaims in state-court action, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance. *Vaden*, 556 U.S. at 61–62.

There are of course exceptions to the well-pleaded complaint rule. For instance, under the "artful pleading rule," a plaintiff may not avoid removal through the omission of necessary federal questions in the complaint. *ARCO Envtl. Remediation, LLC*, 213 F.3d at 1114. Another exception to the well-pleaded complaint rule is complete preemption. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). "Once an area of state law has been completely pre-empted,

any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id.*

Defendant asserts that this Court has jurisdiction under 28 U.S.C. § 1331. Defendant concedes, however, that plaintiff's complaint does not contain a federal cause of action. Defendant instead asserts that "the removable claim is [d]efendant's [counter]claim for discriminatory and retaliatory conduct in violation of the Federal Fair Housing Act, 42 U.S.C. § 3604." (doc. 1 at 3)

In this case, defendant may not assert federal jurisdiction based upon her counterclaim. Plaintiff's complaint does not contain a federal cause of action, and defendant may not base federal jurisdiction outside of the plaintiff's "well-pleaded complaint." Allowing defendant to base federal jurisdiction on her counterclaim would be contrary to the well-established policies and precedent.[1]

Additionally, the exceptions to the well-pleaded complaint rule do not apply here. Plaintiff does not artfully plead to avoid removal, and complete preemption does not apply. The Oregon FED Statute states that the "person entitled to the premises may maintain in the county where the property is situated an action to recover the possession of the premises in the circuit court or before any justice of the peace of the county." Or. Rev. Stat. Ann. § 105.110. Because

---

[1] The Supreme Court in *Holmes* gave three reasons why allowing counterclaims to establish "arising under" jurisdiction would contravene longstanding policies and precedent. *Holmes Grp., Inc.*, 535 U.S. at 831-32. First, the plaintiff is the master of the complaint and has the ability to eschew claims based on federal law to be heard in state court. *Id.* at 831. Second, allowing counterclaims to establish "arising under" jurisdiction would confer power upon the defendant that would have the effect of radically expanding the class of removable cases. *Id.* at 832. Third, "allowing responsive pleadings by the defendant to establish "arising under" jurisdiction would undermine the clarity and ease of administration of the well-pleaded-complaint doctrine, which serves as a "quick rule of thumb" for resolving jurisdictional conflicts." *Id.* (internal citations omitted).

Page 4 – OPINION AND ORDER

there is no federal law providing the same cause of action as this cause of action under Oregon law, the complaint does not necessarily arise under federal law and is therefore not preempted.

### b. *FED Statute Limitation on Counterclaims*

Plaintiff further argues that removal in this case is inappropriate because Oregon's FED statute does not allow a counterclaim based on the Fair Housing Act.

Oregon law states that [n]o person named as a defendant in an action brought under [Oregon's forcible entry and wrongful detainer statutes] may assert a counterclaim unless the right to do so is otherwise provided by statute. Or. Rev. Stat. Ann. § 105.132. Courts have required strict construction of laws that define the FED process. *See Teresi v. Gina Belmonte Corp.*, 572 P2d 647, 649 (Or. Ct. App. 1977) ("An FED action is a special statutory proceeding, summary in its nature; it is in derogation of the common law and must be strictly construed.").

Defendant's counterclaim based on the FHA is not one of those counterclaims permitted by statute. However, defendant argues that there are exceptions to the strict statutory language of Or. Rev. Stat. Ann. § 105.132, and those exceptions should be extended to include a counterclaim under the FHA.

Defendant identifies two possible exceptions to the specified counterclaims under Or. Rev. Stat. Ann. § 105.132: (1) counterclaims for negligence actions and (2) counterclaims under the Oregon Unfair Trade Practices Act ("UTPA"). Even if there is an exception to Or. Rev. Stat. Ann. § 105.132 for negligence claims, which is unlikely, I am not persuaded that such an exception should extend to counterclaims under the FHA.[2] Oregon law is clear that the Oregon

---

[2] Defendant cites four cases in support of her contention that there is an exception for negligence actions under the specified claims rule in Or. Rev. Stat. Ann. § 105.132: *Waldner v. Stephens*, 162 P.3d 342 (Or. Ct. App. 2007); *Davis v. Campbell*, 965 P.2d 1017 (Or. 1998); *Jones v. Bierek*, 743 P.2d 1153 (Or. Ct. App. 1987); *Coulter Property Management, Inc. v. James*, 970 P.2d 209 (Or. 1998). However, the first three cases originated as non-FED proceedings and Or.

Page 5 – OPINION AND ORDER

FED statutes should be strictly construed, and, under that standard, there is no exception extended to counterclaims under the FHA.

Defendant's contention that counterclaims under the UTPA is an exception to Or. Rev. Stat. Ann. § 105.132 is misplaced. Counterclaims under the UTPA are allowed under Or. Rev. Stat. Ann. § 105.132 because they are specifically permitted by statute. Or. Rev. Stat. Ann. § 646.638(6) "provides the authority for the filing of a UTPA counterclaim in an action for possession under the FED statutes." *Hoffer v. Szumski*, 877 P.2d 128, 130 (Or. Ct. App. 1994).

Because federal jurisdiction under 28 U.S.C. § 1331 cannot be based on a counterclaim, and defendant's counterclaim under the FHA is not permitted by the Oregon FED statute, removal under 28 U.S.C. § 1331 is not permitted.

*II.   28 U.S.C. § 1443 – Civil Rights*

The second question before the Court is whether there is an objective reasonable basis for removal under 28 U.S.C. § 1443, that is, whether the defendant has been denied or cannot enforce her rights in state court.

A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 788–92, 794–804 (1966) and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824–28 (1966). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment

---

Rev. Stat. Ann. § 105.132 is therefore not applicable. *Waldner*, 162 P.3d at 343-44 (case originated as a common-law tort claim and a claim under the Oregon Residential Landlord Tenant Act); *Davis*, 965 P.2d at 1017 (case originated as a claim under the Oregon Residential Landlord Tenant Act); *Jones*, 743 P.2d at 1154 (case originated as a common-law tort claim and defendant raised a defense under the Oregon Residential Landlord Tenant Act). The fourth case, *Coulter Property Management*, did originate as an FED proceeding and the defendant asserted counterclaims, one of which was a common-law negligence claim. *Coulter Property Management, Inc.*, 970 P.2d at 210. There the court did not give an explanation of how Or. Rev. Stat. Ann. § 105.132 did or did not apply. *Id.* One possible reason is that the plaintiff dismissed the FED action and the jury proceedings only involved the counterclaims. *Id.*

Page 6 – OPINION AND ORDER

protecting equal racial civil rights." *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir.1970). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.*

Here defendant does not point to a formal expression of Oregon state law that prohibits her from enforcing her civil rights. Additionally, defendant does not point to any facts or allegations to suggest that the state court would not enforce her civil rights in the state court proceedings. Thus, defendant has not been denied and is able to enforce her civil rights in state court. *See* Or. Rev. Stat. Ann. § 90.390. Therefore, this is not a proper basis for removal.

## CONCLUSION

For the reasons set forth above, removal in this case is not proper. Accordingly, plaintiff's Motion to Remand to State Court (doc. 4) is GRANTED.

IT IS SO ORDERED.

Dated this 2ND day of January 2018.

_____
Ann Aiken
United States District Judge